UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY and DMS IMAGING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MEDICAL COACHES, INC., et al., <br><br> Defendants. | Civil No. 09-2207 (JAF) |

**O R D E R**

Plaintiffs, United States Fire Insurance Company and DMS Imaging, Inc., bring this action in diversity against Defendants, Medical Coaches, Inc. ("Medical Coaches"); Siemens Medical Solutions USA, Inc. ("Siemens"); Leviton Manufacturing Company, Inc. ("Leviton"); Elmwood Sensors, LLC ("Elmwood"); and an unknown party. (Docket No. 1.) Siemens and Leviton are charged with negligence, product liability, and breach of warranty. (Id. at 10–19.) Additionally, Siemens is charged with breach of contract. (Id. at 12.) Defendants Siemens and Leviton move to transfer venue pursuant to 28 U.S.C. § 1404(a) or, alternatively, to dismiss. (Docket Nos. 9; 14.) Medical Coaches joined in the motion to dismiss or change of venue. (Docket No. 20.) Plaintiffs oppose. (Docket Nos. 15; 19.)

On December 2, 2009, Plaintiffs filed suit simultaneously in this court and in the Northern District of New York ("N.D.N.Y."), naming Siemens, Leviton, Medical Coaches, and Elmwood as Defendants. (Docket No. 1.) The following day, Plaintiffs amended their

Civil No. 09-2207 (JAF)                                                                                          -2-

complaint in this court. (Docket No. 4.) The amended complaint follows the N.D.N.Y. complaint verbatim, except for additional language in the latter alleging that Siemens and Elmwood maintain sufficient contacts with the state of New York. (Docket No. 9 at 3.) The N.D.N.Y. summons and complaint were served on Siemens and Leviton on January 4, 2010. (Docket No. 9 at 2.) Siemens filed its answer and crossclaim in the N.D.N.Y. against Medical Coaches on February 12, 2010. (Id.) Leviton filed its answer in the N.D.N.Y. on February 12, 2010, denying Plaintiffs' claims of negligence, product liability, and breach of warranty. (Docket No. 9 at 2–3.) Only Medical Coaches entered an appearance in this court. (Docket Nos. 7; 10.)

Defendants contend that this action should be dismissed because it is duplicative of the one filed in the N.D.N.Y. (Docket Nos. 9 at 5–6; 14 at 5–6). The Supreme Court stated that because "between federal courts . . . no precise rule has evolved, the general principle is to avoid duplicative litigation." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). Actions involving the same parties and similar subject matter simultaneously pending in different district courts lead to resources wasted on piecemeal litigation, the possibility of conflicting judgments, and a general concern that courts may unduly interfere with each other's affairs. TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 4 (1st Cir. 1996). To avoid such pitfalls, when the overlap of the cases is almost complete, the court that first had jurisdiction usually will decide the dispute while the other court defers. Id.; see also Coady v. Ashcraft & Gerel, 223 F.3d 1, 10 (1st Cir. 2000) (holding that the first-filed action is generally

Civil No. 09-2207 (JAF)                                                                                                      -3-

preferred where the parties have filed two nearly identical actions in separate districts). This comports with the strong presumption that exists in favor of the plaintiff's choice of forum. Coady, 223 F.3d at 11 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). While the First Circuit has not expressly endorsed the practice, other circuits have held that a deferring court has the discretion to dismiss the second action. See Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 623 (9th Cir. 1991); W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 729 (5th Cir. 1985).

In this case, Plaintiffs have filed the same action in both districts. Furthermore, responsive pleadings have been filed by both Siemens (Docket No. 15-3) and Leviton (Docket No. 19-4) in the N.D.N.Y., while no responsive pleadings have been filed in this court by any of the defendants. Even though the first-filed rule does not apply in an action where the complaints have been filed simultaneously, the rationales for its use are, nevertheless, relevant to the case at hand. Dismissal of the case before us avoids wasted resources, conflicting judgments, and undue interference with the N.D.N.Y. court's affairs. See TPM Holdings, Inc., 91 F.3d at 4. Apart from the first-filed rule, the presumption accorded to Plaintiffs' choice of forum also weighs in favor of N.D.N.Y. A presumption in favor of the Plaintiff's choice of forum is clearly frustrated when the plaintiff has filed both actions. But in their response to the motions to dismiss, the Plaintiffs concede that litigating this case in N.D.N.Y. would "likely be more economical and efficient" and that transfer and consolidation of this case in the N.D.N.Y. would be "appropriate and welcome." (Docket Nos. 15 at 4–5; 19 at 4–5.) Therefore, in the

Civil No. 09-2207 (JAF)                                                                                           -4-

interest of wise judicial administration and Plaintiffs' preference, we find that the N.D.N.Y. is the proper venue for this dispute. Since the actions before this court and the N.D.N.Y. are nearly identical, nothing is gained by either transfer or consolidation of the duplicative case. As a result, we exercise our discretion to dismiss this complaint. See Alltrade, 946 F.2d at 623; W. Gulf Mar.,751 F.2d at 729.

For the foregoing reasons, we hereby **DISMISS** Plaintiffs' complaint (Docket No. 4) in its entirety.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 7th day of July, 2010.

                                                    s/José Antonio Fusté
                                                    JOSE ANTONIO FUSTE
                                                    Chief U.S. District Judge